(113 App. Div. 50)

CITY OF NEW YORK v. A. T. STEWART REALTY CO.

(Supreme Court, Appellate Division, First Department.   May 11, 1906.)

1. COSTS—EXTRA ALLOWANCE OF ADDITIONAL COSTS—AMOUNT AND COMPUTATION.

Where no facts are stated from which the court can find the value of the subject-matter involved in a suit, no extra allowance as costs on the discontinuance of the case can be awarded, under Code Civ. Proc. § 3253, allowing additional costs, not to exceed a specified per cent. on the value of the subject-matter involved.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 628.]

2. SAME—EXTRAORDINARY CASE.
 A city sought to enjoin an owner and its contractors from placing material not fireproof in a building. An answer was interposed. A motion to vacate the temporary injunction which had been granted was made. The appeal from the order denying the motion was argued. *Held*, that the suit was not an extraordinary one, within Code Civ. Proc. § 3253, authorizing the granting of an extra allowance in extraordinary cases.
 [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 624.]

Appeal from Special Term, New York County.

Action by the city of New York against the A. T. Stewart Realty Company. From an order granting costs and an extra allowance on discontinuance of the action, plaintiff appeals. Modified and affirmed. See 96 N. Y. Supp. 513.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

John P. O'Brien, for appellant.
Louis Frankel, for respondent.

PER CURIAM. This appeal is from an order allowing costs as in an action, and, in addition thereto, granting an extra allowance of $500 as a condition of permitting plaintiff to discontinue the action.

There is no basis for the extra allowance. The evidence presented bearing on that subject is that a large part of the fixtures was in the building, and the balance "ready for delivery on receipt of notice from the defendant"; that these fixtures (those in the building and those to be thereafter delivered) were of the contract price of $196,000, and had plaintiff succeeded in the action, which was to enjoin the defendant from maintaining fixtures in the building, and to compel it to remove those already placed therein unless the same were constructed of fireproof wood, the defendant "would have suffered by reason of the increase in the cost of such fixtures * * * very considerable; that if the defendant had been required to take out the fixtures placed in the building, and to throw out the fixtures contracted for, it would have suffered a loss of $160,000, and, in addition, been unable for an indefinite period to carry on business; and that defendant would have suffered "primarily the loss of the fixtures already in the place and contracted for, and which were ready to be delivered." No facts are stated from which the court could determine "the value of the subject-matter involved," as required, in order to justify an extra allowance. Section 3253, Code Civ. Proc. The statement that if the plaintiff had been successful defendant would have suffered, not only the loss of $160,000, and, "primarily," the contract price of all the fixtures, but would have been unable for an indefinite period to carry on any business, is a conclusion not sustained by any of the facts set forth. In addition to this, the action was not a difficult and extraordinary one, within the meaning of the section of the Code above cited, which authorizes the granting of an extra allowance. The action was barely at issue, and all that was done was to interpose an answer, move to vacate the temporary injunction which had been granted, and argue the appeal from an order denying the motion.

The order appealed from, therefore, should be modified by striking out the provisions thereof granting the $500 extra allowance, and, as thus modified, the same is affirmed, without costs to either party.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.